FILED
 2010 Jul-14  PM 03:39
U.S. DISTRICT COURT
    N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JAMES A. SAVAGE,

    Plaintiff,

v.   CASE NO.: CV 10-J-1842-S

VESUVIUS USA CORPORATION,
et al.,

    Defendants.

### MEMORANDUM OPINION

This matter comes before the court *sua sponte*. Defendant Vesuvius USA Corporation ("Vesuvius") filed a notice of removal from the Circuit Court of Jefferson County, Alabama, on July 9, 2010 (doc. 1). This case, which was originally filed July 10, 2009, alleges that plaintiff, while at his place of employment, was severely injured when, during his duties as a furnace pouring laborer, the furnace where he worked exploded. Complaint, ¶¶ 9, 10, 14. The plaintiff asserts this explosion was caused by the furnace liner, which was manufactured by defendant Vesuvius, becoming worn. Complaint, ¶¶ 12-13.

Individual defendants Glenn Aldridge, Larry McGhee and Keven Gardner are co-workers of the plaintiff, and sued pursuant to § 25-5-11(c)(1) and (c)(2), *Code of*

*Alabama 1975*, as amended.¹   They did not consent to removal of this action. Defendant American Safety Tread Co., Inc. ("AST") , is an Alabama corporation and was the plaintiff's employer.   According to the complaint, defendant McGhee had warned defendant Aldridge that the furnace liner was in need of replacement and that the liner was worn and damaged or manufactured defectively.  Complaint, ¶ 12. Defendants Aldridge and Gardner refused to replace the liner, which allegedly served as a safety barrier to explosion and a safety device to employees that worked around the furnace, such as plaintiff.  Complaint, ¶ 13.

Thus, the plaintiff asserts that, in violation of Ala.Code. § 25-5-11(c)(1) and (c)(2), the co-employee defendants acted with an intent to injure another, and with knowledge of danger or peril to another, consciously pursued a course of conduct with a design, intent, and purpose of inflicting injury.   Complaint, ¶ 18. Alternatively, plaintiff alleges that these defendants willfully and intentionally removed a safety guard or device (the lining) provided by defendant Vesuvius with knowledge that injury or death would likely result.  Complaint, ¶ 19.  The plaintiff also sues defendant Vesuvius for AEMLD liability, for manufacturing a liner which was not reasonably safe when used in a forseeable manner.  Complaint, ¶¶ 26-32.

---

¹The complaint repeatedly demands judgment against "Defendant Caldwell, and one or more of the fictitious party defendants..." See e.g., complaint at 6.  The court finds no "Defendant Caldwell" has been sued in this action.

2

Defendant Vesuvius filed its notice of removal on July 9, 2010, asserting that the case was properly before this court on diversity grounds as all other defendants had been fraudulently joined. Notice of Removal, ¶ 11. The court finds valid causes of action upon which relief may be granted are stated against the resident defendants and therefore this case was improperly removed. The court does agree with defendant Vesuvius that the matter in controversy exceeds $75,000.00 exclusive of interest and costs, but finds complete diversity between the parties is lacking.

Defendant Vesuvius alleges that this case was not removable based on the initial pleadings, but argues that removal is now proper based on receipt by defendant of a copy of "other paper" from which it could first be ascertained that removal was proper under 28 U.S.C. § 1446 (b). That section states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446.

Defendant Vesuvius apparently "discovered" that all the resident defendants had been fraudulently joined after those defendants depositions were transcribed and received by defendant Vesuvius, exactly one day before the 1 year limitation found

3

in the second paragraph of 28 U.S.C. § 1446(b).  The flaw in defendant Vesuvius' argument is that a fraudulently joined defendant is fraudulently joined at the time the complaint is filed.  Thus, this case was removable a year ago.  Nothing inherent in the taking of a defendant's deposition makes that defendant fraudulently joined or not fraudulently joined.  The fact that defendant Vesuvius did not inquire as to the propriety of joinder of its co-defendants for a year does not change this fact.  Either the complaint initially stated a valid cause of action against the resident defendants, or it did not.

Defendant Vesuvius assert that "Alabama law is crystal clear that workman's compensation is the sole remedy that an employee has against his or her employer in connection with personal injury suffered while working."  Notice of Removal, ¶ 12. Defendant Vesuvius is absolutely correct in this statement of the law.  It was also an absolutely correct statement of the law on July 10, 2009, when the plaintiff's complaint was first filed in state court, naming his non-diverse resident employer in this action.  Defendant Vesuvius even states "It was self-evident from the time this lawsuit was filed, or at least, once discovery was produced, that the Plaintiff had no cause of action against American Safety Tread..."  Notice of Removal, ¶ 13. Unfortunately, Vesuvius did nothing about this until now.

Defendant Vesuvius forges ahead with its fraudulent joinder argument, next stating that under Alabama law, in a workers' compensation action, co-employees may only be sued under two very narrow Code section. Notice of Removal, ¶ 15-16. Those provisions of the Alabama Code were clearly set forth in the plaintiff's July 2009 complaint.

Under the second paragraph of § 1446, cases can become removable within a year of their initial filing due to changed circumstances, which is not relevant here, or because, as defendant Vesuvius argues, it just learned of facts supporting federal jurisdiction. Although "the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers, revealing the grounds for removal for the first time," *Pretka v. Kolter City Plaza II, Inc.* 2010 WL 2278358, 29 n.16 (11th Cir.2010), citing *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997), that does not describe the circumstances before this court either.

Rather, defendant Vesuvius delves into the individual defendants' depositions to argue that the plaintiff cannot prevail on his claims against these defendants. That is a matter for summary judgment, not a jurisdictional question.² This completely

---

²Of course, the state court ruling on a motion for summary judgment that the plaintiff cannot prevail on his claims against the resident defendants also does not make this case removable. See e.g., *Pretka v. Kolter City Plaza II, Inc.*, *supra*, at n.17 ("In *Insinga* we explained

misses the point of § 1446(b)'s provision for removal of actions where defendant may first ascertain a case is removable after the initial thirty (30) day window provided by that statute.

Nothing asserted by defendant Vesuvius reflects an "other paper" from which "it may first be ascertained that the case is one which is or has become removable..." 28 U.S.C. § 1446(b). The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir.2007). The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id*. (citations and quotation marks omitted).

Here, defendant Vesuvius asserts that the depositions of the individual co-defendants are "other papers" which establish fraudulent joinder and hence

---

the voluntary-involuntary rule as follows: '[I]f the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed.' 845 F.2d at 252 (quotation marks omitted)".).

appropriate federal jurisdiction. The court finds that a deposition transcript has been held to constitute an "other paper" within the language of § 1446(b). *See Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir.2002); *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1078 (10th Cir.1999)*; S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). So assuming that a deposition can serve as an "other paper" for purposes of § 1446(b), such a deposition cannot serve as an "other paper" for removal purposes where the defendant either knew or could have ascertained long prior to those depositions that co-defendants may have been fraudulently joined.

The purpose of Section 1446(b) is to allow defendants sufficient time to remove a case when it first become removable or when that defendant first receives notice of its removability. However, "only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka v. Kolter City Plaza II, Inc.*, -- F.3d --, 2010 WL 2278358 * 14 (11th Cir.2010); citing *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir.1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967). In *Pretka*, the Eleventh Circuit examined its *Lowery v. Alabama Power,* 483 F.3d 1184 (11th Cir.2007), decision, carefully detailing exactly what type

of "other paper" can and cannot make a case removable under the second paragraph of § 1446.  The *Pretka* court explained:

> Our predecessor court explained in *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir.1961), that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court." *Id.* at 254 (quotation marks and citation omitted) (emphasis added).  That "receipt from the plaintiff" rule plainly does not limit the type of evidence a defendant may use to establish that the plaintiff's complaint already is removable-without any "conversion." *See also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000) ("[The] 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (holding that an affidavit executed by the defendant's attorney did not commence the renewed removal period, under the second paragraph of § 1446(b), because the affidavit did not arise from a voluntary act by the plaintiff)....

*Pretka v. Kolter City Plaza II, Inc.*,   2010 WL 2278358, at *14.  Any voluntary act by the plaintiff which makes this case removable, such as abandoning his claims against the non-diverse defendants, is absent.

Having considered the foregoing, the court is of the opinion that diversity is lacking and hence this court is without subject matter jurisdiction.  The plaintiff's complaint states valid causes of action against at least some of the non-resident defendants, defeating defendant Vesuvius' argument of fraudulent joinder. Whether or not the plaintiff can prevail on those claims is a matter for summary judgment in

the state court, not a basis for removal to federal court. This case was not removable at the time it was filed, and it is likewise not removable now, as diversity is still lacking.

The court thus finding that this case was improvidently removed;

It is therefore **ORDERED** by the court that this case is **REMANDED** to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this the 14th day of July, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE